UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

The Estate of DANIEL MILLER and
CORDELIA MILLER, in her capacity
as the Personal Representative for the
Estate of Daniel Miller,

    Plaintiffs,

v.

MICHIGAN DEPARTMENT OF
CORRECTIONS, OFFICER DENNIS
HALE, OFFICER JESSE SWARTZ,
OFFICER MARKUS HULZAR,
LIEUTENANT JOHN KENNELLY,
and WARDEN GARY MINIARD,

    Defendants.

Case No. 22-10934
Honorable Laurie J. Michelson

**OPINION AND ORDER DENYING PLAINTIFFS' MOTIONS TO
EXTEND TIME TO FILE A NOTICE OF APPEAL [24, 25]**

Daniel Miller died by suicide while confined in state prison. (ECF No. 1.) Believing that several prison officials and the Michigan Department of Corrections violated Miller's rights, his Estate sued on his behalf. (*Id.*) In response, Defendants filed a motion to dismiss. (ECF No. 13.) On January 6, 2023, the Court granted that motion and dismissed the case. (ECF Nos. 20, 21.)

On February 8, 2023, the Estate appealed—or at least it tried to. (ECF No. 22.) A few days later, the Sixth Circuit Court of Appeals entered an order concluding that the "notice of appeal . . . is late." (ECF No. 26-1, PageID.600 (citing 28 U.S.C. § 2107(a) and Fed. R. App. P. 4(a), 26(a) which provide 30 days to file a notice of

appeal).) The court continued: "The record indicates that [the Estate] has not moved in the district court for an extension of time to appeal under Federal Rule of Appellate Procedure 4(a)(5) . . . . Unless such a motion is filed in and granted by the district court, this court will be required to dismiss the appeal." (*Id.*)

Taking the hint, the Estate now returns to this Court seeking an extension of the time to file an appeal.[1] (*See* ECF Nos. 24, 25.) The Estate's counsel explains that her firm was approached by a lawyer for the non-profit organization Rights Behind Bars after the case was dismissed. (ECF No. 25, PageID.560.) The RBB lawyer indicated that he would be "happy to provide any help with the appeal if [the Estate] decide[d] to take one . . . . This could range from us first chairing the merits to any supportive role [that] could be helpful." (ECF No. 25-2, PageID.573.) During a phone call between the lawyers, they allegedly agreed that RBB "would handle the appeal of the case . . . including filing the notice of appeal." (ECF No. 25, PageID.560.) However, two days after the deadline passed without such a filing, the Estate's counsel-of-record filed the notice of appeal on her own. (*Id.*)

The Estate argues that this "miscommunication between counsel as to the party filing the claim of appeal" is sufficient reason for this Court to extend the time to file a notice of appeal. (ECF No. 25, PageID.552.) Defendants disagree. (ECF No.

---

[1] Without explanation, the Estate filed two motions to extend time—one on February 22 and one on February 28. (*See* ECF Nos. 24, 25.) The motions appear to be identical, with the exception that the second is styled as a "re-filed" motion and contains a statement of concurrence. Because only the latter motion complies with the local rules, the Court will only consider that motion. *See* E.D. Mich. LR 7.1(a).

2

26, PageID.591.) This issue is adequately briefed and can be resolved without oral argument. *See* E.D. Mich. LR 7.1(f).

I.

"The losing party in a civil case has a right to appeal, but the right does not last forever." *Martin v. Sullivan,* 876 F.3d 235, 236 (6th Cir. 2017). Indeed, Federal Rule of Appellate Procedure 4(a) and its statutory counterpart, 28 U.S.C. § 2107, set out a "strict timetable." *Id.* (citing *Bowles v. Russell,* 551 U.S. 205, 214 (2007)). In general, the rules give the losing party 30 days from the date of judgment to file a notice of appeal. *See* Fed. R. App. P. 4(a). However, a district court may extend that deadline if the losing party shows "excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A).[2] Even so, it is "well settled that leave to file an untimely notice of appeal is to be granted only in unique or extraordinary circumstances." *Proctor v. N. Lakes Cmty. Mental Health,* 560 F. App'x 453, 456 (6th Cir. 2014) (quoting *Marsh v. Richardson,* 873 F.2d 129, 130 (6th Cir. 1989)).

The Estate argues that the miscommunication between counsel establishes both excusable neglect and good cause to extend its time to file a notice of appeal. The Court cannot agree.

---

[2] This rule also requires the losing party to move "no later than 30 days after" the expiration of the original deadline. *See* Fed. R. App. P. 4(a)(5)(A). Here, there is no dispute that the Estate's motion to extend was properly filed within that timeframe. (ECF No. 25, PageID.566; ECF No. 26, PageID.589.)

### A.

Start with excusable neglect. Excusable neglect is "a strict standard which is met only in extraordinary cases." *Nicholson v. City of Warren*, 467 F.3d 525, 526 (6th Cir. 2006). Whether neglect is "excusable" is an equitable determination "taking account of all relevant circumstances surrounding the party's omission." *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993); *see also Proctor*, 560 F. App'x at 459 (noting that *Pioneer*'s interpretation of "excusable neglect" in the bankruptcy context applied to Fed. R. App. P. 4). Those circumstances include the danger of prejudice to the opposing party, the length of the delay and its impact on the judicial proceedings, and whether the moving party acted in good faith. *Id*. But the "most critical" consideration is the reason for the delay—including whether that reason was within the party's control. *Proctor*, 560 F. App'x at 459 (citing *United States v. Munoz*, 605 F.3d 359, 372 (6th Cir. 2010)).

The Estate has not shown excusable neglect. As mentioned, the Estate's reason for delay was a "miscommunication between counsel as to the party filing the claim of appeal." (ECF No. 25, PageID.552.) However, "attorney inadvertence generally does not constitute excusable neglect." *See Jackson v. Chandler*, 463 F. App'x 511, 513 (6th Cir. 2012) (citing *Pioneer,* 507 U.S. at 392, 396 and *McCurry ex rel. Turner v. Adventist Health Sys./Sunbelt, Inc.,* 298 F.3d 586, 594–95 (6th Cir. 2002)). Indeed, at least one other court in this district has found that a "miscommunication [about a filing deadline] as responsibility for the case changed hands" was not excusable. *See Loeselv. City of Frankenmuth*, No. 08-11131, 2014 WL 3894362, at *3 (E.D. Mich.

4

Aug. 8, 2014). The Court agrees. And it is not persuaded by the Estate's out-of-circuit, pre-*Jackson* citations placing a lighter burden on attorneys. (ECF No. 25, PageID.563–565 (citing *Consol. Freightways Corp. of Delaware v. Larson*, 827 F.2d 916 (3d Cir. 1987) and *Brown v. United States*, 985 F. Supp. 86 (N.D.N.Y. 1997)).)

And the failure to file a timely notice of appeal was well within the Estate's control. For starters, it does not matter whether its counsel-of-record or the RBB lawyer was ultimately responsible for the missed deadline. Clients are "held accountable for the acts and omissions of their attorneys." *See Jackson*, 463 F. App'x at 513 (citing *Pioneer,* 507 U.S. at 392). But even if that were not the case, the Estate's counsel-of-record could not pass the buck to the RBB lawyer. The RBB lawyer never filed an appearance in this case and is apparently not admitted to the Eastern District of Michigan, so he could not have filed the notice of appeal under the District's local rules. *See* E.D. Mich. LR 83.20(a), (i); *Search for Attorney Admission Record*, https://www.mied.uscourts.gov/index.cfm?pagefunction=AdmissionCheck (search for RBB lawyer's name returned: "No Attorneys found for that search") (last viewed March 21, 2023). This suggests that the failure to comply with the deadline was well within the Estate's control.

Because the *Pioneer* factors "do not carry equal weight[,]" the Court declines to consider the remaining factors. *See Proctor*, 560 F. App'x at 459–60 (finding no abuse of discretion where the district court considered only the reason for delay and whether that reason was within the appellant's control); *Jackson*, 463 F. App'x at 514 ("[T]he

5

district court did not abuse its discretion by focusing on the proffered reason for the delay.").

The Court thus concludes that a miscommunication about responsibility for complying with a filing deadline is not so "extraordinary" that it amounts to excusable neglect. *See Nicholson*, 467 F.3d at 526.

**B.**

Next consider good cause. "Good cause will be found where forces beyond the control of the appellant prevented her from filing a timely notice of appeal." *Nicholson v. City of Warren*, 467 F.3d 525, 526 (6th Cir. 2006). An attorney's actions are generally within an appellant's control. *See Douglas v. Swing*, 482 F. App'x 988, 989 (6th Cir. 2012) (finding no good cause where counsel argued that "he miscalculated the date for filing the notice of appeal and that [his client] did not pay a retainer until after the time for the appeal had expired" because "[b]oth of these reasons were entirely within the control of [the client] and his counsel"). *Cf. Mizori v. United States*, 23 F.4th 702, 706 (6th Cir. 2022) (noting that "neither the district court nor the government dispute" that a prisoner's confinement in a solitary housing unit where he was denied access to stamps, envelopes, and the law library could constitute good cause to excuse a late notice of appeal).

For reasons already explained, "[n]othing prevented [the Estate] from filing a timely appeal." *See United States v. Hills*, 27 F.4th 1155, 1172 (6th Cir. 2022). It merely expected a different attorney to file the notice.

Accordingly, there is no good cause to extend the deadline.

**II.**

For the foregoing reasons, the Estate's motions to extend time to file an appeal are DENIED. (ECF Nos. 24, 25.)

SO ORDERED.

Dated: March 24, 2023

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE
